EXHIBIT A

Prepared By:
SHELLPOINT MORTGAGE SERVICING
2100 EAST ELLIOT ROAD, BUILDING 94
TEMPE, AZ 85284
866-825-2174

After Recording Please Return To:
SERVICELINK
ATTN: LOAN MODIFICATION SOLUTIONS
3220 EL CAMINO REAL
IRVINE, CA 92602
800-777-8759

Property Address:
1609 W LINCOLN HWY
LANGHORNE, PA 19047

UPI/PIN/Tax ID: 22-019-186

_____[Space Above This Line For Recording Data]_____

FHA/VA Case No.: ▮▮▮

Loan No.: ▮▮▮

Investor Loan No: ▮▮▮

# PENNSYLVANIA MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on **March 17, 2021**. The Mortgagor is **STEPHEN MCGANN**
Whose address is **URB. VISTA MONTE G-6 CALLE 6, CIDRA, PR 00739**
("Borrower"). This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451 Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of **Fifteen Thousand Two Hundred Fifty Seven and 36/100ths** Dollars (U.S. **$15,257.36**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on **May 1, 2034**. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this

**Pennsylvania Mortgage-Single Family**    Page 1 of 9    14631PA 09/20

Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to the Lender, with the power of sale the following described property located in **BUCKS** County, Pennsylvania:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

which has the address of **1609 W LINCOLN HWY, LANGHORNE, PA 19047**, ("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances or record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant agree as follows:

UNIFORM COVENANTS.

**1. Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

**2. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in

exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

    **3. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

    **4. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to:Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

    **5. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

    **6. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

    **7. Acceleration; Remedies.** If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Note, Secretary may invoke the nonjudicial power of sale provided in the Single Family

Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Secretary under this paragraph or applicable law.

**Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in the Note or this Security Instrument. Lender shall notify Borrower of, among other things: (a) the default; (b) the action required to cure the default; (c) when the default must be cured; and (d) that failure to cure the default as specified may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. Lender shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured as specified, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, attorneys' fees and costs of title evidence to the extent permitted by Applicable Law.**

**8. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument and the estate conveyed shall terminate and become void. After such occurrence, Lender shall discharge and satisfy this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**9. Waivers.** Borrower, to the extent permitted by Applicable Law, waives and releases any error or defects in proceedings to enforce this Security Instrument, and hereby waives the benefit of any present or future laws providing for stay of execution, extension of time, exemption from attachment, levy and sale, and homestead exemption.

**10. Purchase Money Mortgage.** If any of the debt secured by this Security Instrument is lent to Borrower to acquire title to the Property, this Security Instrument shall be a purchase money mortgage.

**11. Interest Rate After Judgment.** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action of mortgage foreclosure shall be the rate payable from time to time under the Note.

**REQUEST FOR NOTICE OF DEFAULT
——————————AND FORECLOSURE UNDER SUPERIOR——————————
MORTGAGES OR DEEDS OF TRUST**

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Instrument to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

The following signature(s) and acknowledgment(s) are incorporated into and made a part of this Pennsylvania Mortgage dated **April 14, 2021** between **STEPHEN MCGANN, Secretary of Housing and Urban Development**.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____    Date: 4/30/21
Borrower - STEPHEN MCGANN

Certificate of Residence:

I certify that the address of the foregoing mortgagee is **451 Seventh Street, SW, Washington, DC 20410**.

**SHELLPOINT MORTGAGE SERVICING in its capacity as Servicer/Agent for Secretary of Housing and Urban Development**

By: _____
Nicole Harwood

Title: _____AVP_____

## ACKNOWLEDGMENT

State of Pennsylvania  §
§
County of Bucks  §
§

On this 30 day of April, 2021, before me, the undersigned officer, personally appeared **STEPHEN MCGANN**, known to me (or satisfactorily proven), to be the person whose name is subscribed to the within instrument, and acknowledged that he (or they) executed the same for the purposes therein.

In witness whereof, I hereunto set my hand and official seal.

_Matthew Sams_
Signature of Officer

_Matthew Sams_
Printed Name

_Notary Agent_
Title of Officer

Commonwealth of Pennsylvania - Notary Seal
MATTHEW SAMS, Notary Public
Philadelphia County
My Commission Expires August 20, 2022
Commission Number 1332504

(Seal)

My Commission Expires: 8/20/2022

**Loan Originator Organization: NewRez LLC d/b/a Shellpoint Mortgage Servicing, NMLSR ID: 3114**
**Individual Loan Originator's Name NMLSR ID: N/A**

# EXHIBIT A

**BORROWER(S): STEPHEN MCGANN**

**LOAN NUMBER:** ▮▮▮▮▮▮▮▮

**LEGAL DESCRIPTION:**

STATE OF PENNSYLVANIA, COUNTY OF BUCKS, AND DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT OR TRACT OF LAND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, HEREDITAMENTS AND APPURTENANCES, SITUATE IN MIDDLETOWN TOWNSHIP, COUNTY OF BUCKS AND COMMONWEALTH OF PENNSYLVANIA, BOUNDED AND DESCRIBED ACCORDING TO A SURVEY AND PLAN MADE BY WILLIAM G. ERWIN, REGISTERED PROFESSIONAL ENGINEERS, PROFESSIONAL FAIRLESS HILLS, PENNSYLVANIA, ON JULY 14, 1959 AND RECORDED IN AND FOR THE COUNTY OF BUCKS IN PLAN BOOK 17 PAGE 42 AS FOLLOWS: BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF THE LINCOLN HIGHWAY (STATE LEGISLATIVE ROUTE NO. 281, 70 FEET WIDE) IN LINE OF LANDS OF A LOT WHICH E. LANDHERR'S HOUSE WAS SITUATE ON SAID POINT BEING 337.65 FEET ALONG THE SOUTHERLY SIDE OF THE LINCOLN HIGHWAY IN AND EASTERLY DIRECTION FROM AN IRON PIPE SET FOR A CORNER OF PARKLAND MANOR PLOT NO. 1; THENCE ALONG THE SOUTHERLY SIDE OF LINCOLN HIGHWAY NORTH 72 DEGREES 20 MINUTES 15 SECONDS EAST 78.25 FEET TO A CORNER IN THE CENTER OF HARRIS AVENUE (33 FEET WIDE); THENCE ALONG THE CENTER OF HARRIS AVENUE, SOUTH 19 DEGREES 16 MINUTES EAST 128.42 FEET TO THE CENTER OF RISING SUN AVENUE (33 FEET WIDE); THENCE ALONG RISING SUN AVENUE, SOUTH 70 DEGREES 48 MINUTES WEST 26.21 FEET TO A CORNER IN LINE OF THE LOT WHICH E. LANDHERR'S HOUSE WAS SITUATE THEREON; THENCE THROUGH THE CENTER OF THE SAME, NORTH 20 DEGREES 9 MINUTES WEST 130.52 FEET TO A CORNER ON THE SOUTHERLY SIDE OF THE LINCOLN HIGHWAY AND PLACE OF BEGINNING.

UPI/PIN/Tax ID: 22-019-186

ALSO KNOWN AS: 1609 W LINCOLN HWY, LANGHORNE, PA 19047

FHA/VA Case No.: ▮  Loan No.: ▮

# PENNSYLVANIA PARTIAL CLAIM SECONDARY MORTGAGE NOTE

**This agreement is subject to the provisions of the Secondary Mortgage Loan Act.**

| March 17, 2021 | LANGHORNE | PENNSYLVANIA |
|---|---|---|
| [Date] | [City] | [State] |

1609 W LINCOLN HWY, LANGHORNE, PA 19047
[Property Address]

UPI/PIN/Tax ID: **22-019-186**

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" means the Secretary of Housing and Urban Development and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY

In return for a loan received from Lender, Borrower promises to pay the principal sum of **Fifteen Thousand Two Hundred Fifty Seven and 36/100ths** Dollars (U.S. $15,257.36), to the order of the Lender.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses, which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

(A) Time

On, **May 1, 2034** or, if earlier, when the first of the following events occurs:

---

Pennsylvania Partial Claim Note—Single Family—Secondary Lien
The Compliance Source, Inc.                    Page 1 of 3                    65572PA 09/15 Rev. 04/16
©2015-2016, The Compliance Source, Inc

    (i)    Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

    (ii)    The maturity date of the primary Note has been accelerated, or

    (iii)    The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

(B) Place

Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

## 5. BORROWER'S RIGHT TO REPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights or presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____   Date: 4/30/21
Borrower - STEPHEN MCGANN

Loan Originator Organization: NewRez LLC d/b/a Shellpoint Mortgage Servicing, NMLSR ID: 3114
Individual Loan Originator's Name NMLSR ID: N/A